**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED

DEC 28 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

HIPOLITO J. ESTRELLA,

and

SALVACION H. ESTRELLA,

    **Plaintiffs,**

v.                               **Civil Action No.2:11cv414**

WELLS FARGO BANK, N.A.,

and

THE FEDERAL HOME LOAN MORTGAGE CORPORATION

and

SAMUEL I. WHITE, P.C.,

    **Defendants.**

## OPINION AND ORDER

    This matter is before the Court on a Motion to Dismiss filed by the Defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Samuel I White, P.C. ("White") (collectively, "Defendants"). Hipolito J. Estrella and Salvacion H. Estrella (collectively, "Plaintiffs") allege that Wells Fargo violated the terms of a deed of trust by failing to provide adequate pre-acceleration notice prior to foreclosing on Plaintiffs' home.   In support of

their 12(b)(6) Motion to Dismiss, Defendants argue that the record conclusively demonstrates full compliance with the contractual notice requirements.   After examination of the briefs and the record, the Court determines that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument.   Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).   For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

## I.FACTUAL AND PROCEDURAL HISTORY[1]

On May 20, 2008, Plaintiffs, as borrowers, entered into a home mortgage loan with Prosperity Mortgage Company ("Prosperity").[2]  Compl. ¶ 6.  The deed of trust associated with such mortgage required the lender to give notice to Plaintiffs prior to acceleration of the debt.  Specifically, the required

---

[1] The facts recited here are drawn from Plaintiffs' Complaint and are assumed true for the purpose of deciding the motion currently before the Court.   Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

[2] The Complaint erroneously slates that Plaintiffs entered into the mortgage on May 20, 2010.  Compl. ¶ 6.  Though the Court accepts as true the facts in the Complaint, the Court is also permitted to examine any "documents attached as exhibits or incorporated by reference." Little v. Bank of Am., 769 F. Supp. 2d 954, 958 (E.D. Va. 2011) (citing Simons v. Montgomery Cnty. Police Officers, 762 F.2d 30, 31 (4th Cir. 1985)).  Here, the documents attached to the Complaint reveal that the proper mortgage date is May 20, 2008.  Compl. Ex. A.  In their brief before this Court, Plaintiffs acknowledge the typographical error contained in the Complaint.   Pls.' Mem. in Opp'n 1. Accordingly, the Court accepts May 20, 2008, as the date Plaintiffs entered into a mortgage with Prosperity.

"notice shall specify . . . a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured . . . ."  Compl. Ex. A, ¶ 22.  Sometime after its execution, Prosperity assigned the mortgage note, and Wells Fargo now asserts rights as holder of such note.  Compl. ¶ 14.

During 2009, Plaintiffs' mortgage payments fell into arrears, prompting Wells Fargo to send a default notice to Plaintiffs during the summer of 2009.  Compl. ¶¶ 17-19  Such letter, dated July 19, 2009, purports to comply with the notice requirements set forth in the deed of trust.  Compl. ¶ 19, Ex. B.  Although Plaintiffs contend that such letter failed to provide adequate notice, Wells Fargo thereafter instructed White to foreclose on Plaintiffs' home.  Compl. ¶¶ 20-21.  At the foreclosure sale, conducted on July 20, 2010, Wells Fargo made the highest bid and later assigned its rights as high bidder to Freddie Mac.  Compl. ¶¶ 26-27.  A trustee's deed was filed in the public land records, and Freddie Mac filed an unlawful detainer summons against Plaintiffs in the General District Court of the City of Chesapeake, Virginia.  Compl. ¶¶ 28 & 30.  That court entered a judgment in favor of Freddie Mac, and Plaintiffs appealed such ruling to the Circuit Court for the City of Chesapeake. Compl. ¶¶ 28 & 30.[3]

---

[3] The record does not reflect the status of the state-court appeal in the unlawful detainer action.

Plaintiffs initiated the instant suit in the Circuit Court of the City of Chesapeake.  Defendants then removed the case to the United States District Court for the Eastern District of Virginia, relying on Freddie Mac's status as a federal corporation.  See 28 U.S.C. § 1442; 12 U.S.C. § 1452(f). Plaintiffs' Complaint asserts that the acceleration letter sent by Wells Fargo in the summer of 2009 fails to comply with the contractual notice provision in the deed of trust.  Compl. ¶¶ 18-20.  Plaintiffs further allege that Wells Fargo breached the implied covenant of good faith and fair dealing, caused Plaintiffs to suffer emotional distress, and caused damage to Plaintiffs' credit rating.  Compl. ¶ 34.   Accordingly, Plaintiffs seek:  (1) an order to quiet title, including an order striking Freddie Mac's trustee's deed; (2) compensatory damages from Wells Fargo; and (3) a declaratory judgment that Plaintiffs are not responsible for costs associated with the foreclosure sale.  Compl. ¶¶ 36-38.

## II. STANDARD OF REVIEW

Rule 12(b)(6) permits a defendant to move for dismissal when a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In assessing such a motion, a district court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations."  E. Shore Mkts.,

4

Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). While a district court must construe the facts in the light most favorable to the plaintiff, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

After viewing the facts in plaintiff's favor, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To satisfy such plausibility standard the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citation omitted). As always, the above standard is applied in light of Rule 8(a)'s requirement of only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Pursuant to Rule 12(d), the Court is generally prohibited from considering materials outside the pleadings unless it converts a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). However, such prohibition does not apply

to documents that are expressly relied on in the complaint.  See
Am. Chiropractic v. Trigon Healthcare, 367 F.3d 212, 234 (4th
Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609,
618 (4th Cir. 1999)) ("'[A] court may consider [extrinsic
evidence] in determining whether to dismiss the complaint [if]
it was integral to and explicitly relied on in the complaint and
[if] the plaintiffs do not challenge its authenticity.'").

### III. DISCUSSION

### A. Breach of Contract Claims

### 1. Plaintiffs Fail to Allege a Breach of Contract

The parties do not dispute the fact that Virginia law
governs the contract questions currently before this Court.  See
Lee v. Citimortgage, Inc., 739 F. Supp. 2d 940, 943-44 (E.D. Va.
2010) (discussing adjudication of questions concerning deeds of
trust and mortgages as questions of state contract law); Kestler
v. Board of Trustees, 48 F.3d 800, 803 (4th Cir. 1995) {"[T]he
issue of whether a contract right exists is governed by state
law."). Under Virginia law, "the manner in which [pre-
acceleration] notice is provided" by a lender in advance of a
foreclosure sale "remains a matter of contract between the
parties." Bayview Loan Servicing, LLC v. Simmons, 275 Va. 114,
121, 654 S.E.2d 898, 901 (2008).

In Simmons, the Supreme Court of Virginia determined that a
lender violated the mortgage contract at issue in that case when

the lender failed to provide proper notice of acceleration to the borrower in advance of the foreclosure sale. Id. at 120-22, 654 S.E.2d at 901-02. Thus, the lender in Simmons never acquired the contractual right to accelerate and foreclose on the property. Id. Here, Plaintiffs argue that, similar to the facts of Simmons, Wells Fargo never acquired the contractual right to foreclose on Plaintiffs' property because the pre-acceleration notice letter failed to comply with the contractual requirement that Plaintiffs be afforded 30 days to cure any default.

It is undisputed that on July 19, 2009, Wells Fargo sent a notice letter to Plaintiffs, via certified mail,[4] indicating that Plaintiffs were in default on their loan and that Wells Fargo would accelerate the note unless Plaintiffs paid the entire outstanding balance. Compl. Ex. B, at 1. Paragraph 15 of the Deed of Trust states that "[a]ny notice to Borrower . . . shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." Compl. Ex. A, ¶ 15 (emphasis added). Plaintiffs do not challenge July 19, 2009, as the date

---

[4] Such letter is dated July 19, 2009, and as Defendants point out, the face of the letter bears a certified mail bar code. Compl. Ex. B; Defs.' Mem. 5 n.3. Plaintiffs' Complaint does not dispute the method of delivery of such letter, nor dispute the date of mailing as July 19, 2009. See Pls.' Mem. in Opp'n 7 ("The letter was mailed on July 19, 2009 . . . .").

of notice, but instead argue that the notice letter improperly afforded Plaintiffs only eleven days to satisfy the outstanding balance.

The notice letter sent on July 19, 2009, clearly states in the first paragraph that "[u]nless the payments on your loan can be brought current by **August 18, 2009**, it will become necessary to accelerate your Mortgage Note and pursue [contractual remedies]." Compl. Ex. B, at 1 (emphasis added). Notwithstanding such clear statement, Plaintiffs' Complaint and brief in opposition focus solely on a subsequent provision of the letter that states: "To avoid the possibility of acceleration you must pay: $2,596.54 by **July 31, 2009**, 2:00 PM Central Time . . . ." Id. (emphasis added). Although such excerpt, as quoted by Plaintiffs, appears to require payment on a date less than 30 days from the date of mailing, the entire relevant provision from which Plaintiffs only cite an excerpt reads:

> To avoid the possibility of acceleration you must pay: $2,596.54 by July 31, 2009, 2:00 PM Central Time **or** $3,843.98 **by August 18, 2009**, 2:00 PM Central Time, in CERTIFIED funds, to Wells Fargo Home Mortgage . . . .

Id. (emphasis added). The use of the word "or" in such provision clearly indicates that the earlier payoff date and amount is merely an option, but that the deadline for curing default remains August 18, 2009.

Accordingly, notwithstanding Plaintiffs' selective excerpt, it is clear that both the letter's first paragraph and the letter's subsequent payment provision comply with the 30-day contractual notice requirement. Since July 19, 2009, was the date of mailing, the date of August 18, 2009, is "a date not less than 30 days from the date notice [was] given to Borrower . . . ." Compl. Ex. A, ¶ 22. Plaintiffs' attempt to avoid the opening paragraph of the letter, as well as the unambiguous use of the word "or" in the later provision that provides <u>alternative</u> payoff amounts on <u>alternative</u> dates, is belied by the record. Accordingly, the record conclusively demonstrates that the notice letter complied with the contractual provision at issue.

### 2. Plaintiffs Cannot Recover for Emotional Distress

Plaintiffs assert that Wells Fargo's alleged inadequate notice and the subsequent foreclosure by White caused them emotional distress. Compl. ¶ 34. For the reasons discussed above, the notice was not inadequate; thus, Plaintiffs cannot recover for such damages. Assuming arguendo that Plaintiffs could prevail on their breach of contract claim, for the reasons stated below, they still could not recover for emotional distress resulting from the contractual breach alleged in the Complaint.

The Supreme Court of Virginia has held that, "'absent some tort, damages for humiliation or injury to feelings are not recoverable in an action for breach of contract.'" Isle of Wight Cnty. v. Nogiec, 281 Va. 140, 148, 704 S.E.2d 83, 86 (2011) (quoting Sea-Land Serv., Inc. v. O'Neal, 224 Va. 343, 354, 297 S.E.2d 647, 653 (1982)). Explaining the reasoning behind this conclusion, the Virginia Supreme Court quoted the Fourth Circuit's statement that "'such damages are too speculative and could not reasonably be presumed to have been contemplated by the parties when they formed the contract.'" Id. (quoting Rice v. Community Health Ass'n, 203 F.3d 283, 288 (4th Cir. 2000)). A few courts have expressed the view that there is an exception to such rule which provides that "a plaintiff may recover where 'the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result.'" Moorehead v. State Farm Fire & Cas. Co., 123 F. Supp. 2d 1004, 1006-07 (W.D. Va. 2000) (quoting Restatement (Second) of Contracts § 353 (1981)) (emphasis added).

Here, Plaintiffs rely on the view that this exception exists in Virginia law and assert that "'the issue of whether the defendant's breach . . . was such that serious emotional disturbance to the plaintiffs was a particularly likely result must be reserved for trial.'" Pls.' Mem. in Opp'n 8 (quoting

Moorehead, 123 F. Supp. 2d at 1007). However, a judge in
another division of this Court recently rejected the same
argument in Cole v. GMAC Mortgage, LLC, No. 1:10-CV-848, 2011 WL
4007672, at *3 (E.D. Va. Sept. 7, 2011), finding that contracts
for mortgages are not "'of such a kind that serious emotional
disturbance [i]s a particularly likely result.'" Id. (quoting
Restatement (Second) of Contracts § 353 (1981)).[5] Moreover, the
Virginia Supreme Court's recent Nogiec decision does not open
the door to such damages. See Nogiec, 281 Va. at 149 ("We
decline Nogiec's invitation to carve out an exception to the
rule that tort damages are not recoverable for breach of
contract under the circumstances of this case."). Accordingly,
even assuming that Plaintiffs could sustain a claim for breach
of contract, and further assuming the asserted exception exists,
Plaintiffs would not be able to recover for emotional damages
based on the facts alleged.

### 3. Plaintiffs fail to Allege a Breach of Implied Duties

Plaintiffs next claim that Wells Fargo breached an implied
covenant of good faith and fair dealing by instructing White to
foreclose on Plaintiffs' home. Compl. ¶ 22; see VA Code Ann. §
8.1A-304 ("Every contract or duty within the Uniform Commercial
Code imposes an obligation of good faith in its performance and

---

[5] In Cole, the plaintiffs alleged that they suffered emotional
distress when the defendants published notice of a foreclosure
sale in the newspaper.

enforcement."); Devnew v. Brown & Brown, Inc., 396 F. Supp. 2d 665, 671-72 (E.D. Va. 2005) (discussing the fact that Virginia law only applies the covenant of good faith and fair dealing in "the commercial context"). It is a "basic principle of contract law in Virginia" that a party "may not exercise contractual discretion in bad faith," although a party is never prevented from "exercising its explicit contractual rights." Virginia Vermiculite Ltd. v. W.R. Grace & Co., 156 F.3d 535, 542 (4th Cir. 1998). Accordingly, when parties to a contract "create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." Ward's Equip., Inc. v. New Holland N. Am., Inc., 254 Va. 379, 385, 493 S.E.2d 516, 520 (1997) (emphasis added). Furthermore, the implied covenant of good faith and fair dealing "'cannot be the vehicle for rewriting an unambiguous contract in order to create duties that otherwise do not exist.'" Washington v. Citimortgage, Inc., No. 3:10-CV-887, 2011 WL 1871228, at *8 (E.D. Va. May 16, 2011) (quoting Ward's Equip., Inc., 254 Va. at 385, 493 S.E.2d at 520).

Here, Wells Fargo had the explicit contractual right to foreclose on Plaintiffs' home if Plaintiffs fell into arrears on the note, and Wells Fargo provided adequate pre-acceleration notice prior to exercising that right. See Compl. Ex. A, ¶ 22 ("[F]ailure to cure the default on or before the date specified

12

in the notice may result in acceleration of the sums secured by this Security Interest and sale of the Property."). Accordingly, Plaintiffs fail to allege a breach of the implied covenant of good faith and fair dealing. See Charles E. Brauer Co., Inc. v. NationsBank of Virginia, N.A., 251 Va. 28, 35, 466 S.E.2d 382, 386 (1996) (finding no breach of implied duties where "the bank did nothing more than exercise its rights provided in the loan documents"); Washington, 2011 WL 1871228, at *9 (dismissing the plaintiff's claim for breach of implied duties because the defendant lending company had the explicit contractual right to foreclose once plaintiff fell into arrears on payments).

## B. Plaintiffs Fail to Allege Superior Title

Plaintiffs next assert that they are entitled to "an order to quiet title in their case, including an order striking the purported trustee's deed from the public land records . . . ." Compl. ¶ 36. "'An action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various claims against that title.'" Ramirez-Alvarez v. Aurora Loan Servs., LLC, No. 1:09-CV-1306, 2010 WL 2934473, at *4 (E.D. Va. July 21, 2010) (quoting Maine v. Adams, 277 Va. 230, 238, 672 S.E.2d 862, 866 (2009)). "A party asserting a quiet title action must plead

that they have superior title to the property." Id. (citing Adams, 277 Va. at 238, 672 S.E.2d at 866).

Plaintiffs' claim fails because they do not allege superior title to the property and the Complaint provides no facts from which superior title can be inferred.  On the contrary, as discussed above, the Complaint and the documents attached thereto conclusively establish both that Plaintiffs defaulted on their loan and that Wells Fargo provided the appropriate notice prior to accelerating the note. Plaintiffs' facts further acknowledge Freddie Mac's recorded trustee's deed and the General District Court's ruling in favor of Freddie Mac for possession of the property. See Compl. ¶¶ 28 & 30.  As Plaintiffs' entire basis for claiming superior title is grounded in the claim that notice was inadequate, and the Court has found that the record disproves such claim, Plaintiffs have not stated facts that demonstrate a plausible right to relief.

### C. Plaintiffs Fail to State a Claim for Declaratory Relief

Plaintiffs seek a declaratory judgment finding "that they are not responsible for any of the costs associated with the purported foreclosure sale or the purported trustee's deed." Compl. ¶ 38.  However, "[d]eclaratory relief is reserved for forward looking actions . . . [where] the 'relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief

14

from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Horvath v. Bank of N.Y., N.A., No. 1:09-CV-1129, 2010 WL 538039, at *1 (E.D. Va. Jan. 29, 2010) (quoting Douros v. State Farm Fire & Cas. Co., 508 F. Supp. 2d 479, 482 (E.D. Va. 2007)).

In Horvath, the district court determined that declaratory relief was not an appropriate remedy "[b]ecause the foreclosure on the Property ha[d] already occurred . . . . Id. Similarly, here, Plaintiffs cannot obtain declaratory relief because the foreclosure sale has already occurred. See Ramirez-Alvarez, 2010 WL 2934473, at *2 (citing The Hipage Co., Inc. v. Access2Go, Inc., 589 F. Supp. 2d 602, 615 (E.D. Va. 2008)) (finding that declaratory judgments are "untimely if the questionable conduct has already occurred or damages have already accrued"). Accordingly, Plaintiffs fail to state a claim for declaratory relief on which relief can be granted.

### D. Plaintiffs' Request for Leave to Amend

Plaintiffs alternatively request leave to amend the Complaint in the event that the Court grants the pending motion to dismiss. Pls.' Mem. in Opp'n 11. Plaintiffs fail to submit a copy of a proposed amended complaint and further fail to explain on what basis they propose amendment.

The Federal Rules of Civil Procedure provide that district courts should allow amendment "freely . . . when justice so

15

requires." Fed. R. Civ. P. 15(a)(2). A district court "should only deny leave to amend a pleading 'when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Norfolk & Portsmouth Belt Line R. Co. v. M/V Marlin, No. 2:08-CV-134, 2009 WL 1974298, at *1 (E.D. Va. April 3, 2009) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)). An amendment is considered futile if "the amended complaint could not survive a Rule 12(b)(6) motion by the party opposing the amendment." Id. at *2 (citing United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)).

Here, Plaintiffs have not filed a motion for leave to amend, but rather, have informally requested such leave in their brief in opposition to dismissal. Even if the Court accepts such informal method of requesting leave as adequate, it does not appear that any amended filing could survive a subsequent dismissal motion because Plaintiffs' own exhibits establish that notice was timely. Plaintiffs' request for leave to amend is therefore denied as amendment would be futile.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ ~~Mark S. Davis~~

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 28 , 2011

17